Jonathan D. Baker (SBN 196062)
Craig Y. Allison (SBN 161175)
Dino Hadzibegovic (SBN 267489)
**DICKINSON WRIGHT RLLP**
800 W. California Avenue, Suite 110
Sunnyvale, California  94086
Telephone: (408) 701-6200
Facsimile:  (844) 670-6009
jdbaker@dickinsonwright.com
callison@dickinsonwright.com
dhadzibegovic@dickinsonwright.com

Additional counsel on signature page

*Attorneys for Plaintiff*
*Roku, Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROKU, INC., a Delaware Company, | Case No. 8:21-cv-00658 |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | **DEMAND FOR JURY TRIAL** |
| UNIVERSAL ELECTRONICS, INC., a Delaware Company; GEMSTAR TECHNOLOGY (QINZHOU) CO. LTD., a Chinese Company; GEMSTAR TECHNOLOGY (YANGZHOU) CO. LTD., a Chinese Company; C.G. DEVELOPMENT LTD., a Hong Kong Company; UNIVERSAL ELECTRONICS BV, a Netherlands Company; UEI BRASIL CONTROLES REMOTOS LTDA., a Brazilian Company; CG MÉXICO REMOTE CONTROLS, S. DE R.L. DE C.V., a Mexican Company, | |
| Defendants. | |

## COMPLAINT

1.      Plaintiff Roku, Inc. ("Roku" or "Plaintiff") brings this action against Universal Electronics, Inc., Gemstar Technology (Qinzhou) Co. Ltd., Gemstar Technology (Yangzhou) Co. Ltd., C.G. Development Ltd., Universal Electronics BV, UEI Brasil Controles Remotos Ltda., and CG México Remote controls, S. de R.L. de C.V. (collectively, "UEI" or "Defendants") and alleges as follows.

## NATURE OF THE ACTION

2.      This is an action for patent infringement.  Defendant UEI has infringed and continues to infringe, contribute to the infringement of, and/or actively induce others to infringe U.S. Patent Nos. 8,378,875 ("the '875 Patent") and 7,388,511 ("the '511 Patent") (collectively, the "Patents-in-Suit").

## THE PARTIES

3.      Roku is a public corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1155 Coleman Ave., San Jose, California 95110.  Roku was the pioneer of the streaming TV and is the leading TV streaming platform in the U.S. by hours streamed.  By the end of 2020, Roku had more than 51.2 million active accounts. Roku users streamed 58.7 billion hours of content in 2020.

4.      On information and belief, Universal Electronics Inc. is a Delaware corporation with its headquarters at 15147 N. Scottsdale Road, Suite H300, Scottsdale, Arizona 85254.

5.      On information and belief, Gemstar Technology (Qinzhou) Co. Ltd. is a company organized under the laws of the People's Republic of China with its principal place of business at Hedong Industrial Park, Qinzhou, Guangxi Province, 535000 China.

COMPLAINT FOR PATENT INFRINGEMENT                    Case No. 8:21-cv-00658

6.     On information and belief, Gemstar Technology (Yangzhou) Co. Ltd. is a company organized under the laws of the People's Republic of China with its principal place of business at 1 Junsheng Road Industry Park, Fanshui Industrial Zone, Baoying, Yangzhou, Jiangsu Province, 225800 China.

7.     On information and belief, C.G. Development Ltd. is a company organized under the laws of the Hong Kong with its principal place of business at One Harbourfront, 18 Tak Fung Street, Hung Hom Kowloon, Hong Kong.

8.     On information and belief, Universal Electronics BV is a company organized under the laws of the Netherlands with its principal place of business at Colosseum 2, 7521 PT Enschede, Netherlands.

9.     On information and belief, UEI Brasil Controles Remotos Ltda. is a company organized under the laws of Brazil with its principal place of business at Avenida Torquato Tapajos, no 4010 Galpao 04, Colonia Santo Antonio, CEP:69093-018, Manaus – Amazonas – Brasil.

10.     On information and belief, CG México Remote Controls, S. de R.L. de C.V. is a company organized under the laws of Mexico with its principal place of business at Séptima No. 840-B, Parque Industrial Monterrey, Apodaca, NUEVO LEON, 66603, Mexico.

11.     On information and belief, Gemstar Technology (Qinzhou) Co. Ltd., Gemstar Technology (Yangzhou) Co. Ltd., C.G. Development Ltd., Universal Electronics BV, UEI Brasil Controles Remotos Ltda., and CG México Remote Controls, S. de R.L. de C.V are wholly-owned subsidiaries of Universal Electronics Inc.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13.     This Court has personal jurisdiction over UEI pursuant to the laws of the State of California, including California's Long Arm Statute, California Code of

COMPLAINT FOR PATENT INFRINGEMENT                    Case No. 8:21-cv-00658

Civil Procedure § 410.10. UEI has a principal place of business in the state of California, and, as a result, UEI is subject to general jurisdiction here. UEI has infringed Roku's asserted patents in California, and, as a result, UEI is subject to specific jurisdiction here. In particular, UEI sells, licenses, and offers to sell and license hardware and software relating to remote control devices and associated products that infringe Roku's asserted patents in California, and specifically in this judicial district. UEI does business in this judicial district relating to UEI's accused products, and has an office located in this district at 201 E. Sandpointe Ave., Santa Ana, CA 92707. On information and belief, each of UEI's foreign subsidiaries is subject to specific jurisdiction in this district at least because each of them manufactures for import and imports into the United States and particularly into this District, remote control devices and associated products that infringe Roku's patents, and, on information and belief, each of them conducts business with parent company UEI related to the infringing technology at UEI's offices at 201 E. Sandpointe Ave., Santa Ana, CA 92707.

14.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## THE PATENTS-IN-SUIT

15.    On February 19, 2013, United States Patent No. 8,378,875, entitled "Method of Programming a Universal Remote Control," was duly and legally issued by the United States Patent and Trademark Office. A copy of the '875 Patent is attached hereto as Exhibit A.

16.    On June 17, 2008, United States Patent No. 7,388,511, entitled "System for Remote Control of Identical Devices," was duly and legally issued by the United States Patent and Trademark Office. A copy of the '511 Patent is attached hereto as Exhibit B.

17.    Roku is the owner of all right, title and interest in and to the '875 and '511 Patents, including the right to all remedies for infringement thereof.

## COUNT I: INFRINGEMENT OF THE '875 PATENT

18.     The foregoing paragraphs are incorporated by reference as if fully restated herein.

19.     On information and belief, UEI infringes at least claims 1-5, 8-11 and 14 of the '875 patent directly and indirectly, literally and/or under the doctrine of equivalents.

20.     On information and belief, UEI directly infringes the apparatus claims by making, using, offering to sell, selling within the United States, and/or importing into the United States remote controls that perform the claimed setup method ("the '875 Accused Products").  UEI directly infringes the method claims by using the '875 Accused Products in an infringing manner within the United States, including in testing and demonstrating the UEI Accused Products.

21.     UEI has induced, and continues to induce UEI's customers and/or end users to infringe the asserted claims.  UEI has taken active steps to encourage and facilitate direct infringement by UEI's customers and/or end users of the '875 Accused Products, with knowledge of that infringement, such as providing the '875 Accused Products, contracting for the distribution of the '875 Accused Products, by marketing the '875 Accused Products, and by creating and/or distributing user manuals, web pages, marketing materials, and/or similar materials with instructions on using the '875 Accused Products in an infringing manner. The use of the '875 Accused Products in accordance with UEI's instructions results in infringement of the asserted claims.

22.     UEI has also contributorily infringed, and continues to contributorily infringe, the asserted claims by offering to sell, selling, and importing into the United States the '875 Accused Products that perform the claimed methods for setting up a remote control, knowing that the '875 Accused Products are especially made for use in infringing the '875 patent, and are not staple articles of commerce suitable for a substantial non-infringing use.  In particular, the '875 Accused Products are remote

COMPLAINT FOR PATENT INFRINGEMENT                    Case No. 8:21-cv-00658

controls that need to be set up by the user in order to be operable to control the target devices. The '875 Accused Products contain components, including executable code, that specifically implement the claimed methods for setting up the remote controls. Indeed, these components are especially built to perform the accused functionalities.

23. Representative claim charts demonstrating UEI's infringement of the '875 Patent is attached hereto as Exhibits C through F.

24. The '875 Accused Products include at least the following remote controls: URC 6420 OFA Simple 2; URC 7140 OFA Essence 4; URC 8200 Slate; Videotron Illico Remote; URC 6820 OFA Zapper+; URC 7115 OFA Evolve TV; URC 7125 OFA Evolve 2; URC 7145 OFA Evolve 4; URC 7880 OFA Smart Control 8 (US); URC 7980 OFA Smart Control 8; URC 7935 OFA Streamer Remote; URC 7955 OFA Smart Control 5; URC 6410 OFA Simple TV; URC 2020BC2 Champ; URC 2020B0 Champ; URC 2025B1 Champion; URC 2025B2 Champion; URC 2025B1-BB Eclypse; URC 2025B2-BB Eclypse; URC 2060 Charter; URC 2060B0 Royal; URC 2068 Pulse RF; URC 2069 Pulse IR; URC 2125 Champion Plus; URC 2125 Rogers; URC 2135 Experience; URC 2135 UEI WOW! Experience Remote; URC 2464 Optimum; URC 6800 Proton; URC 6810 Neutron; URC 7110 OFA Essence TV; URC 7120 OFA Essence 2; URC 7130 OFA Essence 3; URC 8820 Cox; URC 1160 Charter Spectrum; URC 2220 Cox Mini IR; URC 3220 Cox Mini RF; URC 1035 Universal A/C Remote.

25. UEI has been on notice of the '875 Patent and of its infringing conduct since at least the filing of this Complaint and the filing of the Complaint in *In re Certain Televisions, Remote Controls, and Components Thereof* in the U.S. International Trade Commission on April 8, 2021.

26. Roku has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief.

## COUNT II: INFRINGEMENT OF THE '511 PATENT

27.     The foregoing paragraphs are incorporated by reference as if fully restated herein.

28.     On information and belief, UEI infringes the '511 patent directly and indirectly, literally and/or under the doctrine of equivalents.

29.     On information and belief, UEI directly infringes at least claim 5 of the '511 patent when UEI or those acting on UEI's behalf perform the claimed method during testing or demonstration of products, including LG and Samsung televisions, that incorporate UEI's QuickSet technology ("the '511 Accused Products").

30.     UEI also induces infringement of the '511 Patent under 35 U.S.C. § 271(b) since at least the date of service of this Complaint by actively aiding and abetting others (including, for example, LG and Samsung, and their respective customers and end users) whose use of the '511 Accused Products constitutes direct infringement. UEI has engaged in these actions with either the specific intent to cause infringement or with willful blindness to the infringement that it is causing. For example, UEI actively induces its customers, including at least LG and Samsung, to directly infringe at least claim 5 of the '511 Patent by selling or licensing UEI's QuickSet technology for use with its customers' products and associated remote controls and providing instructions and technical support regarding use of the QuickSet technology, where the use of those products infringes at least claim 5 of the '511 Patent.

31.     Representative claim charts demonstrating UEI's infringement of the '511 Patent are attached hereto as Exhibits G and H.

32.     The '511 Accused Products include at least the following LG televisions that incorporate UEI's QuickSet technology and their associated remote controls:  LG NanoCell 80 Series 2020; LG NanoCell 81 Series 2020; LG NanoCell 85 Series 2020; LG NanoCell 90 Series 2020; LG NanoCell 91 Series 2020; LG

COMPLAINT FOR PATENT INFRINGEMENT                    Case No. 8:21-cv-00658

NanoCell 99 Series 2020; LG NanoCell 75 Series 2021; LG NanoCell 90 Series 2021; LG NanoCell 99 Series 2021; LG NanoCell 81 Series 4K; LG NanoCell 86 Series 4K; LG NanoCell 90 Series 4K; LG NanoCell 95 Series 4K; LG NanoCell 97 Series; LG NanoCell 99 Series 8K; LG QNED MiniLED 90 Series 2021; LG QNED MiniLED 99 Series 2021; LG B9 4K Smart OLED TV; LG BX 4K Smart OLED TV; LG C1 4K Smart OLED TV; LG C9 4K Smart OLED TV; LG CX 4K Smart OLED TV; LG E9 Glass 4K Smart OLED TV; LG G1 4K Smart OLED TV; LG GX 4K Smart OLED TV; LG WX 4K Smart OLED TV; LG SIGNATURE W9 Wallpaper 4K Smart OLED TV; LG SIGNATURE OLED TV RX; LG Class 4K Smart UHD TV; LG UHD 70 Series 4K HDR Smart LED TV; LG UHD 73 Series 4K HDR Smart LED TV; LG UHD 85 Series 4K HDR Smart LED TV; LG UN 4K Smart UHD TV; LG Class 4K HDR Smart LED TV; 4K HDR Smart LED TV; 4K HDR Smart LED UHD TV (at least including UK6090PUA and UK6300PUE); LG SIGNATURE ZX 8K Smart OLED TV; LG SIGNATURE Z9 8K Smart OLED TV.

33. The '511 Accused Products include at least the following Samsung televisions that incorporate UEI's QuickSet technology and their associated remote controls:  QN800A; QN900A; Q800T; Q900; Q900TS; Q950TS; Q60A; Q70A; Q80A; QN85A; QN90A; Q60T; Q70T; Q80T; Q90T; Q50R; Q60R; Q80R; Q6DT; Q8DT; Q6F; The Frame QLED 4K; The Terrace QLED 4K; The Serif QLED 4K; HU6840; JU6000; JU6500; KU6300; MU6070; MU6290; MU6300; NU6080; NU6900; TU6950; TU6980; EH6000; F6300; F6400; H6350; K6500; KU7000; MU7500; NU7100; RU7100; RU7300; TU7000; TU700D; MU8000; MU8500; NU8500; RU8000; TU8000; TU8200; TU8300; TU800D; RU9000; TU9000.

34. UEI has been on notice of the '511 Patent and of its infringing conduct since at least the filing of this Complaint and the filing of the Complaint in *In re Certain Televisions, Remote Controls, and Components Thereof* in the U.S. International Trade Commission on April 8, 2021.

35. Roku has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Roku prays for judgment in its favor against UEI granting Roku the following relief:

A. Entry of judgment in favor of Roku that UEI has directly and/or indirectly infringed the '875 and '511 Patents;

B. An award of compensatory damages in an amount to be determined, amounting to no less than reasonable royalties, prejudgment interest, and/or any other available damages based on any form of recoverable economic injury sustained by Roku as a result of UEI's infringement, as provided by 35 U.S.C. § 284;

C. An award of UEI's profits from its patent infringements pursuant at least to 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorney fees, pursuant at least to 35 U.S.C. §§ 284 and 285;

D. A permanent injunction against UEI and its officers, directors, employees, agents, consultants, contractors, suppliers, distributors, and all others acting in concert or privity with UEI from further infringement of the Patents-in-Suit;

E. If an injunction is denied, an order that UEI pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

F. Treble damages to the extent permissible by law, as provided by 35 U.S.C. § 284;

G. To the extent it is determined that this is an exceptional case, an award to Roku for its expenses, disbursements, and reasonable attorney's fees, as provided by 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

H. Roku's costs of suit;

I. An award of pre-judgment and post-judgment interest at the maximum

9

rates allowed by law; and

J.      All such other and further relief as this Court may deem just or equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Roku respectfully demands a trial by jury of all issues so triable in this action.

Dated: April 8, 2021

*/s/ Jonathan D. Baker*

Jonathan D. Baker (SBN 196062)
Craig Y. Allison (SBN 161175)
Dino Hadzibegovic (SBN 267489)
**DICKINSON WRIGHT RLLP**
800 W. California Avenue, Suite 110
Sunnyvale, California 94086
Telephone: (408) 701-6200
Facsimile: (844) 670-6009
jdbaker@dickinsonwright.com
callison@dickinsonwright.com
dhadzibegovic@dickinsonwright.com

Steven R. Daniels (SBN 235398)
Michael D. Saunders (SBN 259692)
**DICKINSON WRIGHT PLLC**
607 W. 3rd Street, Suite 2500
Austin, Texas  78701
Telephone:  (512) 770-4200
Facsimile:  (844) 670-6009
sdaniels@dickinsonwright.com
msaunders@dickinsonwright.com

*Attorneys for Plaintiff*
*Roku, Inc.*

COMPLAINT FOR PATENT INFRINGEMENT                    Case No. 8:21-cv-00658